CHRISTOPHER SNYDER and another *v.* FREDERICK BEYER.

A mere opinion of the court, given upon deciding a motion to determine a party's right to costs upon a verdict, is not an order from which an appeal may lie although such opinion, stating that "the plaintiff is entitled to costs," be entered as an order with the clerk at special term.

It is but an opinion, and until rendered effective by some judgment or award, it avails nothing.

Where an action is in substance the former action of waste, the complaint alleging a forfeiture and praying for a recovery of possession, the title to real estate appears by the pleadings to be in question, and the Marine and Justices' Courts have no jurisdiction.

Accordingly, where such an action is presented and such a complaint filed in this court, the plaintiff is entitled to costs upon obtaining a verdict for damages, although the forfeiture and eviction be waived at the trial and the recovery be for less than fifty dollars.

THIS was an action in the nature of the former action for waste, and was brought in this court under §§ 450, 451 and 452 of the Code of Procedure.

The plaintiffs were entitled to the reversion of the property in question, and the defendant was a tenant in possession, the former having purchased the premises while held by the latter under an unexpired lease from a former owner. The complaint charged upon the defendant a malicious injury of the estate in reversion; alleged a consequent forfeiture thereof; and prayed judgment for an eviction against him, and for damages.

In the course of the trial, the plaintiffs waived the alleged forfeiture and consented to a continuance of the possession in the

tenant.   The jury found a verdict in their favor, but awarded only nominal damages.

The plaintiffs then applied to the court at special term, for an order or direction to the clerk to enter the costs of the action in the plaintiffs' judgment upon the verdict.   The judge who heard the application gave his decision, by endorsing, upon the motion papers, these words: " The action was necessarily brought in this court, and the plaintiffs are entitled to costs." The plaintiffs thereupon entered with the clerk the following, in the form of an order : " A motion having been made in this action, to determine the question as to the plaintiffs' right to costs on the verdict; after hearing counsel, etc. it is ordered, that the plaintiffs are entitled to their costs."

An appeal was prosecuted by the defendant to the general term as from an order, and the appeal was submitted upon the pleadings and points of counsel. (*a*)

*George Carpenter*, for the defendant, submitted the following points :

I. The defendant is clearly entitled to costs in the above action against the plaintiffs :

First. Because the plaintiffs failed to prove anything on the trial which would entitle them to the judgment demanded in their complaint and to recover which this action was brought. 1. They failed to prove that any acts were done by the defendant in malice, as under the Code, § 452, they were required. 2. They failed to prove any injury to the estate in reversion, which they were bound to prove to be equal to the value of the tenant's estate or unexpired term.   (Code, § 452.)

Second. The plaintiffs having waived and abandoned their right on the trial to recover judgment for forfeiture and

(*a*) The points, although confined to the question of jurisdiction as affecting the right to costs, are thorough and may be useful.   They are therefore inserted nearly in full, although the point to which they apply is briefly disposed of in the opinion in view of the controlling decision upon the form of the intended order entered at special term.—REP.

eviction on failure of their proof, sought only to recover for damages done to the house, and having failed to recover the judgment demanded or damages to the amount of $50, the plaintiffs are not entitled to costs and the defendant is clearly entitled thereto against the plaintiffs. (Code, § 305.) Upon their waiver of judgment for forfeiture and eviction it became an action for damages only, and was no longer an action of waste. By the Revised Statutes, the judgment in an action of waste was " that the plaintiff recover the place wasted, and treble the damages found by the jury. (2 R. S. 3d ed. p. 429 § 10.) Waste is a spoil or destruction of the very substance of the estate, redering it wild and desolate. (2 Black. Com. p. 176, 3d book.) And without damages there could be no waste (3 Wend. 342, and cases there cited). So that if an action be brought on the case for damages, as in 14 East's Reports, p. 490, before expiration of lease, the plaintiff must show a destruction of a part of the premises and an injury to the reversion to an amount sufficient to entitle him to recover costs, to wit, $50. Thus, even under the Revised Statutes, the plaintiffs would not have been entitled to costs if they did not recover the place wasted. Under the Code, § 449, the action of waste is abolished, and wrongs heretofore remedial by actions of waste are now subjects of action as other wrongs in which, if the plaintiff waives his right to recover any other judgment, and only seeks to recover an amount of money as damages (as was done in this case), he cannot recover costs unless he recover $50 or more. (Code, § 304, Subd. 4.) Section 451 of the Code makes the provisions of the Revised Statutes relating to actions of waste apply to actions brought under the Code without regard to form so far as the same can be applied; that is, as to the provisions relating to the action as to who may maintain the action and the like, etc. (See 2 R. S. 3d ed. p. 428.) But they cannot apply to costs even if the Revised Statutes gave costs, as the Code is the only law regulating costs in suits commenced since its passage.

II. The plaintiffs are not entitled to costs, and therefore the defendant must be allowed costs of course. (Code, § 305.)

First. Because, under § 304 of the Code, it was not an action for the recovery of real property even as alleged in the plaintiffs' complaint, but simply an action claiming a judgment for the forfeiture of a lease to their tenant by reason of injuries done to the estate in reversion, by him in malice (according to § 452 of the Code), to the amount of $1,500. Nor did a claim of title to real property arise on the pleadings, for they all allege the defendant was then tenant under a lease, nor can the same be properly certified by the court to have come in question at the trial, as it did not. Besides, their right even to the judgment above set forth in their complaint the plaintiffs waived at the trial for want of proof to entitle them thereto, and claimed only damages done to the house, which the jury say amount to six cents.

Second. Because it was not an action in which a justice of the peace had no jurisdiction, according to § 54 of the Code. The title to real estate does not and could not come in question. The plaintiffs were the defendant's landlord, and they only proved on the trial that he had altered the basement of the house ; that it would cost them $200 to re-alter it, if he did not do so before the expiration of his lease ; and they sought to recover that amount from the defendant as damages. The action could have been brought in the Marine Court, or a justice's court, as well as an action of trespass, or any other action not coming within § 54 of the Code. And is it not and was it not made by the waiver on the trial an action for the recovery of money only, and does it not come clearly under subdivision 4 of § 304 of the Code ? Certainly, the defendant is clearly entitled under the Code, and by every rule of law, to costs against the plaintiffs in the above action, together with the costs of opposing this motion.

*Daniel T. Walden, Jr.*, for the plaintiffs, submitted the following points :

I. The plaintiffs are entitled to costs. The action is waste. 1. The waiving of the forfeiture does not change the character

Snyder *v.* Beyer.

of the action nor prevent the recovery; the action is still waste. The plaintiffs may recover either damages for the waste, or both damages and forfeiture. This is evident from the language of the Code, § 450, and § 452, by which judgment of forfeiture is only to be given in certain cases. This was so before the Code. (Gra. Pr. 1st ed. 722.) The questions which go to the jury in an action of waste, are, 1st, Was there waste, and if so, what damages? 2d. Was the waste malicious? If they find damages equal to the amount of the defendant's interest in the premises, or that the waste was malicious, then the court—not the jury—render the judgment of forfeiture. Therefore, the only question withdrawn from the jury, by waiving the forfeiture, was the question of malice. The jury have found that waste was committed, and assessed the damages at six cents. If the forfeiture had not been waived, still there could have been no judgment for forfeiture on the finding; and yet the plaintiffs would undoubtedly have been entitled to costs. They have recovered in the action. (§ 304.) They have recovered as it is, and the waiving of the forfeiture can have no greater effect than the finding of the jury would have had without such a waiver. In neither case does it prevent a recovery. The verdict is with the plaintiffs on the question of waste and damages. 2. The provisions of the Revised Statutes are made applicable to the action of waste under the Code, without regard to the form of action. (§ 451.) By the Revised Statutes, the plaintiffs were entitled to costs on any recovery. (2 R. S. 3d ed. 702, § 3; ib. p. 428.) § 303 of the Code is not inconsistent with the provisions of the Revised Statutes, giving costs in waste.

II. A claim of title to real property arises in this action on the pleadings. The Code, § 304, gives costs to the plaintiff, upon a recovery in either of the following cases: 1. In an action for the recovery of real property. 2. When a claim of title to real property arises on the pleadings. Or, 3. Is certified by the court to have come in question on the trial. Here are three cases in action concerning real estate. 1. The claim of title to real property arises on the pleadings in this action. It

is made by the plaintiffs. It is a necessary and essential part of their case; and the action cannot be sustained without making that claim. (2 Saund. R. 235, n. 2.) The defendant admitting that claim, does not prevent the claim being made. It may prevent it coming in question on the trial; and this is the distinction in the Code, § 304. This is the only construction to be given to § 304—it is the true one. What does it mean by a claim arising on the pleading in contradistinction to coming in question on the trial? The trial comprehended the determining as well an issue of law as of fact. (Code, §§ 248, 249, 250, 251, 252, 254.) It cannot refer to an issue arising on the pleadings on a question of title, for this is a question arising on the trial.

The plaintiffs respectfully submit that a claim—and the court will mark that claim is here placed in contradistinction to question of title—arises on the pleadings, whenever it is necessary for the plaintiff to aver his title to maintain his action. A claim may be by either party. It is not necessary that it should be disputed to make it a claim. A "claim" is defined to be a challenge of interest in anything, or a challenge of the ownership. (Tomlin's Law Dic. title "Claim;" Plow. Com. 359, a.) And this is evidently the intention of the Code. If the plaintiffs had gone into a justice's court, if they could go at all, it being an action where the title must arise on their own showing, all the defendant had to do was to dispute the title, and the justice is required to render judgment for costs against the plaintiff, and that without the defendant giving any undertaking. (Code, § 59.) They are then thrown out of a justice's court, no undertaking being given by the defendant to try the question in a court of record, none required from him. Where, then, shall the plaintiffs go? They come into this court. The defendant here admits their title, which prevents the question arising on the trial. Shall they here be debarred from costs in consequence of that admission? We answer, No; that the Code has provided for the case when it gave costs in any recovery, where a claim of title arises on the pleadings. There is nothing in this case to prevent the defendant dispu-

Snyder *v.* Beyer.

ting the plaintiffs' title. The plaintiffs purchased the premises subject to the defendant's lease; the tenant could have disputed the question whether they did purchase from his lessor. (1 Greenleaf's Ev. § 25.) Hence, the additional damages to the plaintiffs if before a justice. Take the case of an action of trespass on vacant land. As a general rule in trespass, possession is the only question; but here, the plaintiff would have to show title. How would that case stand on a recovery under fifty dollars in this court? Must the plaintiff go into a justice's court, with the risk of being thrown out with costs, on the defendant simply disputing his title? Or, if he sues here, and recovers under fifty dollars, must he pay costs, because the defendant has admitted the title? The old Supreme Court has said that the defendant cannot defeat the plaintiff's right to costs, in this court, by admitting title. (*Hubbell* v. *Rochester*, 8 Cow. 115.)

If that was so under the Revised Statutes, *a fortiori* it is so under the Code. This case, in principle, stands the same as the case of trespass on vacant lands. In both cases, the plaintiff must make a claim of title to recover, and that claim must be on the pleadings.

III. Could this action have been brought in a justice's court? The title to real property is a necessary and material question; the plaintiff must commence by showing it.

IV. § 304 of the Code gives costs in actions, of which, according to § 54, the justices' courts have no jurisdiction. § 54 excludes them from jurisdiction where title shall come in question, as provided for by § 55 to § 62, inclusive. This includes § 59, where the justice is deprived of jurisdiction by title coming in question on the plaintiff's own showing. Where the defendant interposes a plea of title before a justice's court, there is a special section giving plaintiff costs in the court above. (Code, § 61.) There is no such provision where the question may arise under § 59; hence, the equity and the reason of the provision for giving costs by § 304, when the plaintiff makes a claim of title.

BY THE COURT. WOODRUFF, J.—The declaration of the court at special term, which is made in the form of an order, is a mere opinion. It directs nothing, and it adjudges nothing to either party; it only declares that "the plaintiffs are entitled to their costs," but it does not award costs. There was no judgment or order, therefore, to be executed, and there is no operative determination to be affirmed or reversed. If we should declare our opinion in general term to coincide with that declared below, and clothe that opinion in the form of words of affirmance, it would effect nothing, because until the opinion of the court is put in the form of an award or allowance, it neither benefits the plaintiffs nor does any prejudice to the defendant. If we should make the opposite declaration, and so express the opinion in the form of a reversal, it would in like manner be inoperative.

The appellant has mistaken his course of proceeding, and the respondents erred no less when they procured such an order.

When costs shall be awarded to the plaintiffs, it will be time enough to appeal. So long as the matter rests in opinion, we have nothing before us to affirm or reverse.

Besides, there is nothing submitted on the appeal except the pleadings. They show that this was an action for waste, to which all the provisions of the Revised Statutes relating to the action for waste apply, although the form of the action is changed. (Code, §§ 450, 451, etc.)

With nothing but the pleadings before us, we can have no hesitation in saying that the issues joined upon these pleadings could not be tried before a justice's court. The pleadings, on their face, involve the determination of the title to the premises, the recovery whereof is sought by the complaint.

What took place on the trial does not appear in any manner, except so far as it is disclosed by the points made by the counsel. We do not, in general, deem it safe to determine an appeal upon the statements made in argument without having the facts before us, unless we are quite certain that counsel agree upon the facts.

But if we were to act upon what seems to be conceded by

both counsel, and assume that the only recovery had in the cause was for damages less than $50, and were also to intimate our views of the question which appears to have been raised below, notwithstanding there is no order which can be the proper subject of appeal, we are of the opinion that the action of waste, where forfeiture is alleged and a recovery of possession is sought, as well under the Code as before the Code, does in its very nature involve the question of title to real property, so that the justices' courts have no jurisdiction. It is not, however, necessary to pursue the subject, for the reasons above given.

The appeal should be dismissed without costs, and if the plaintiffs see fit, they may apply to the judge who tried the cause for his certificate that the title to real estate came in question, and such application can be made *nunc pro tunc*. If the appellant desires to review the question on an appeal from the judgment, such a certificate may be important to the plaintiffs, unless the court on appeal should be satisfied that the question of title was raised by the pleadings.

Appeal dismissed, without costs.